UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN PARKS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No: 1:14-cv-1805-JMS-MJD |
| | ) |
| SUPERINTENDENT, Correctional Industrial Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing and Denying Post-Judgment Motion**

Final judgment denying the petition for writ of habeas corpus of Warren Parks was issued on December 30, 2014. The petitioner filed a notice of appeal. The notice of appeal was processed and has been docketed as No. 15-1025. The foregoing was followed with the filing on January 15, 2015 of the petitioner's "motion to petition the court pursuant to the *Federal Rules of Civil Procedure* 60(b)(4) that the Judgment is void."

The habeas petition Parks filed rested on a single legal premise. That premise was that the Wayne Superior Court had no subject matter jurisdiction over the crimes with which Parks was charged and of which he was convicted. The Court considered the habeas petition pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief"), and concluded that the petition show on its face that Parks was not entitled to the relief he sought. This conclusion was reached based on the fact that under Indiana law superior courts are courts of general jurisdiction. IND. CODE § 33-29-1-1.5(1). This fact, of which the Court could take judicial notice, contradicted the premise of the habeas petition.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006). Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora,* 487 F.3d 506, 511–12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28–day deadline for filing a Rule 59(b) motion.

The motion discussed in this Entry does assert that the dismissal of the action and/or the order of December 30, 2014 is "void," but this is most certainly not the case. *See Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 n.5 (8th Cir. 1980) ("The concept of a void judgment is extremely limited. Professor Moore indicates the concept is so narrowly restricted that, although seemingly incongruous, a federal court judgment is almost never void because of lack of federal subject matter jurisdiction.") (citing 7 Moore's Federal Practice ¶ 60.25[2], at 305-06 (2d ed. 1979)) (other citations omitted); *see also Baumlin & Ernst, Ltd. v. Gemini, Ltd.,* 637 F.2d 238, 241-42 (4th Cir. 1980)(explaining that an "[e]rror . . . does not make the judgment void" under Rule 60(b)(4)).

"A void judgment is one which, from its inception, was a complete nullity and without legal effect." *United States v. Zima,* 766 F.2d 1153, 1159 (7th Cir. 1985). A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law. *Margoles v. Johns,* 660 F.2d 291, 295 (7th Cir. 1981), *cert. denied,* 455 U.S. 909 (1982). Those conditions do not describe this action or the disposition of it. "A [habeas] petition should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551(7th Cir. 1998). That is the path taken here for the reasons explained.

The Court has also considered whether Parks' contention that the Court erred in dismissing the action could constitute a basis for relief under Rule 59(e). *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988)(noting that the purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits"). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). There was in this case no manifest error of law or fact. The court did not misapprehend Parks' habeas claim, nor did it misapply the law to those claims in finding that dismissal was required.

On the basis of the foregoing, therefore, the post-judgment motion [dkt 17], treated as either a motion for relief from judgment or as a motion to alter or amend judgment, is **denied.**

IT IS SO ORDERED.

Date: January 20, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WARREN PARKS
116977
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel